UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEWIS DICKSON,

    Petitioner,

v.

STATE OF MINNESOTA,

    Respondent.

Civil File No. 07-2189 (RHK/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Lewis Dickson's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody [Docket No. 4]. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

**I.    BACKGROUND**

In 2005, Petitioner was convicted in the state district court for Stearns County, on convictions of attempted first- and second-degree aggravated robbery. Following his conviction, Petitioner filed a direct appeal that presented several grounds for relief. Specifically, Petitioner argued that the district court erred by: (1) failing to suppress the results of a photographic lineup; (2) giving a no-adverse-inference jury instruction regarding Petitioner's decision not to testify, without obtaining his prior consent; and (3) allowing prosecutorial misconduct during the trial, including permitting Petitioner's girlfriend to testify regarding his character, and permitting the prosecutor to improperly allude to Petitioner's right not to testify. See State v. Dickson, No. A05-2460, 2007 WL 152086 (Minn. Ct. App. Jan. 23, 2007). Petitioner also submitted a pro se supplemental

1

brief which raised the following issues: (1) failure of the State to disclose witness reports giving rise to a <u>Brady</u> violation; (2) the police department engaged in a biased and prejudiced investigation; and (3) the prosecutor's "engagement of offensive personalities." <u>See</u> Appendix to Respondent's Brief, Ex. D, p. 5. The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits. <u>See</u> <u>Dickson</u>, 2007 WL 152086 at *5-6. Petitioner then requested the Minnesota Supreme Court review the Court of Appeals' decision, raising the same issues as those set forth in his original appeal to the Minnesota Court of Appeals. However, Petitioner did not raise in his appeal to the Minnesota Supreme Court the issues identified in his <u>Pro Se</u> Supplemental Brief to the Minnesota Court of Appeals. <u>See</u> Appendix to Respondent's Brief, Exs. F, G. On March 28, 2007, the Minnesota Supreme Court denied Petitioner's application for further review of his conviction and sentence.

Petitioner commenced this action by filing a self-styled pleading entitled "Petition for Habeas Corpus 28 U.S.C.A. § 2254(a)(A)(1)(B)." <u>See</u> Docket No. 1. However, this pleading was stricken from the record by this Court because Petitioner failed to file his petition on the form prescribed for use in this District. <u>See</u> May 11, 2007 Order [Docket No. 3]. Petitioner was given thirty days from the Court's Order to file a new petition. On May 21, 2007, Petitioner filed a Petition for Writ of Habeas Corpus that is the subject of the present Report and Recommendation. <u>See</u> Docket No. 4.

Petitioner's current habeas corpus petition lists several grounds for relief:

(1) Failure of trial counsel to present an alibi defense;

(2) The court "erred in trail [sic] where defendant could possibly be convicted twice of the same offense without lesser include instruction";

2

(3) The trial court judge sentenced Petitioner "to the highest degree without a jury finding violating separation of power";

(4) The trial court erred by convicting Petitioner of attempted first and second-degree aggravated robbery based on the same victim, same evidence, same conduct during the same transaction;

(5) Petitioner was retaliated against by the prosecutor for invoking his Fifth Amendment right to remain silent; and

(6) The defense and prosecution withheld exculpatory evidence.[1]

See Petition, pp. 4-6, ¶ 12, Grounds One - Four; Appendix to Petition.

Respondent answered the Petition. At the same time, Respondent moved to dismiss the Petition without prejudice, arguing that it presented both exhausted and unexhausted claims. Specifically, Respondent maintained that while Ground Four (Petitioner was retaliated against by the prosecutor for invoking his Fifth Amendment right to remain silent) had been exhausted, the other grounds were not exhausted because they had not been raised at the trial court, Minnesota Court of Appeals or Minnesota Supreme Court. See Respondent's Memorandum, at pp. 4, 6. Alternatively, in lieu of dismissal of the Petition, Respondent requested this Court direct Petitioner to decide whether he wanted to amend his Petition and proceed only with his exhausted claim, or seek a "stay and abeyance" of the exhausted claim so that he could go back to the state court and pursue the unexhausted claims of the Petition. Id., at p. 7.

---

[1] This claim was attached as an Appendix to the Petition. It is not clear whether Petitioner intended it to reflect another ground for relief. However, the Court has treated it as such for the purposes of its analysis.

The Court finds that none of the claims set forth in the Petition can be entertained at this time because Petitioner has not exhausted all of these claims as required by federal law. Therefore, Petitioner will be given the choice of either amending his Petition and proceeding only with his exhausted claim, or seeking a stay and abeyance of the Petition to allow him to return to state court to pursue the unexhausted claims.

## II.  DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). Therefore, to exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court, (in Minnesota, the State Supreme Court), before seeking relief in federal court.

Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, it is readily apparent that none of Petitioner's current claims for relief – except for his claim of prosecutorial misconduct relating to his right to remain silent – have been fairly presented to, or addressed on the merits by, the Minnesota Supreme Court, much less the Court of Appeals.[2] Because neither the trial court, the Minnesota Court of Appeals nor the Minnesota Supreme Court have yet ruled on the remainder of Petitioner's claims, those claims are unexhausted. Therefore, Petitioner's current application for habeas corpus relief is clearly a mixed petition – i.e., a petition that includes both exhausted and unexhausted claims. The question then is what to do with this mixed petition.

Because mixed habeas petitions cannot be entertained in federal court, (see Rose, 455 U.S. at 510, 522), as a general rule, the Court would recommend that such a petition be dismissed without prejudice, so that Petitioner could return to the state courts and attempt to pursue his currently unexhausted claims through the filing of a motion for post-conviction relief with the trial court. See Minn. Stat. § 590.01 (allowing a convicted

---

[2] It is true that Petitioner raised a Brady violation in his pro se supplemental brief to the Court of Appeals, and that he has raised a Brady violation in his Appendix to the Petition. But the Brady violation raised with the Court of Appeals had to do with the state's alleged failure to disclose a police report, whereas the Brady violation alleged in the Appendix has to do with a conversation that the prosecutor had with the victim regarding her observations of the Petitioner. Thus, it appears that Petitioner has not addressed the Brady violation described in the Appendix to the Petition with any state court. Further, in his request for review to the Minnesota Supreme Court, Petitioner did not raise the Brady violation described in his pro se supplemental brief to the Court of Appeals.

5

individual who claims that the conviction obtained or the sentence or other disposition made against him violated the his rights under the Constitution or laws of the United States to commence a proceeding to secure relief by filing a petition to vacate and set aside the judgment and to discharge the petitioner or to resentence the petitioner or grant a new trial or correct the sentence). Then, if Petitioner did not obtain the relief he sought from the trial court in that motion for post-conviction relief, and after <u>all of the state courts</u>, including the Minnesota Supreme Court, had reviewed and decided <u>all</u> of the claims that he had pursued in his post-conviction motion, he could return to this Court and seek federal habeas review again. See <u>Kelly v. Trickey</u>, 844 F.2d 557, 559 (8th Cir. 1988).

The problem with the Court following this procedure is that when Petitioner returned to this Court again with his new habeas petition, he will be barred from pursuing that second petition based on the statute of limitations set forth in 28 U.S.C. § 2244(d), and will likely be barred from pursuing this second petition based on the prohibition against filing a successive federal habeas petition. See 28 U.S.C. § 2244(d); 28 U.S.C. § 2244(b)(1), (2), (3)(A).

The statute of limitations for filing a habeas petition is governed by 28 U.S. C. § 2244(d) which provides as follows:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

6

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) are applicable, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld on direct appeal by the Minnesota Supreme Court on March 28, 2007. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. See Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final" on June 25, 2007 -- 90 days after the Minnesota Supreme Court upheld

7

Petitioner's conviction and sentence on direct appeal. Accordingly, pursuant to § 2244(d)(1)(A), the one-year statute of limitations will expire on June 24, 2008.

While Petitioner timely filed his habeas petition (i.e. he filed it even before the one-year statute of limitations began to run), the one-year statute of limitations was not tolled while the Petition has been pending in this Court. See Akins v. Kenney, 410 F.3d 451, 456 (8th Cir. 2005) (quoting Duncan v. Walker, 533 U.S. 167, 181-82 (2001)) ("The one-year statute of limitation under § 2244(d) expired while Akins's federal habeas petition was pending, and the pendency of his federal habeas petition does not toll the one-year limitation."). Further, while pursuant to § 2244(d)(2), the one-year statute of limitations is tolled when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief in a procedurally proper state court proceeding, and remains tolled during the pendency of such collateral review in any state court, including the state appellate courts (see Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999)), the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations will have already expired before he files his post-conviction motion in the trial court. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"); see also Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").

Thus, the Court concludes that the § 2244(d)(2) tolling provision will not save a future petition from being time-barred. See Cuypers v. Symmes, Civil No. 07-106 (JRT/SRN), 2007 WL 1219306 at *3 (D. Minn. April 24, 2007) ("if a petitioner fails to initiate

state court proceedings until after the one-year statute of limitations expires, then subsequent state post-conviction proceedings will not toll the statute of limitations because there is no federal limitations period remaining to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000).[3]

Further, even if Petitioner could somehow get around the one-year statute of limitations for filing a habeas petition, the bar to successive petitions will likely result in the dismissal of a second petition that raised the same claims as those stated in the

---

[3] Petitioner may believe that a state post-conviction motion will somehow "reset the clock", giving him a fresh new one-year limitations period that does not begin to run until his state post-conviction proceedings are fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). As explained in Sorce v. Artuz, 73 F. Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, 1999 WL 566362 at *4 (S.D.N.Y. Aug. 3, 1999) ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM), 1999 WL 246753 at *1 (S.D.N.Y. Apr. 26, 1999) ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

9

Petition now before this Court. In this regard, the pertinent provisions of 28 U.S.C. § 2244(b) provide the following:

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b) (1), (2), (3)(A).

While successive petitions are not automatically barred, it is clear from the language of 28 U.S.C. § 2244(b)(1) that Petitioner would have some substantial factors to address with the Eighth Circuit in order to obtain permission to file such a petition.

Because Petitioner has filed a petition with both exhausted and unexhausted claims, and this Court cannot consider a mixed petition, in lieu of dismissing the Petition, Petitioner will be given two choices. His first option is to elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully

10

exhausted claim (i.e. Ground Four – that he was retaliated against by the prosecutor for invoking his Fifth Amendment right to remain silent). See Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997). If Petitioner wants to exercise that option, he will be required to file an entirely new amended petition that includes only this fully exhausted claim, and he will be required to do so before the deadline for filing objections to this Report and Recommendation. If Petitioner does decide to pursue only his fully exhausted claim, then Respondent will be given the opportunity to respond the merits of that claim.

Alternatively, as a second option, this Court will allow Petitioner to make a request for "a stay and abeyance" pursuant to the Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005). In Rhines, the Court held that, under certain narrowly prescribed circumstances, a federal district court can, at its discretion, stay the proceedings in a federal habeas corpus case in order to give the petitioner an opportunity to exhaust his state court remedies for claims that were not exhausted when the federal habeas case was commenced. However, Rhines clearly indicateds that federal habeas cases should not be stayed as a matter of course, but only where (a) the petitioner has shown good cause for his failure to exhaust his state court remedies for all of his claims in a timely manner, (b) the unexhausted claims appear to have some possible merit, and (c) the petitioner has not been delinquent or dilatory in pursuing his state court remedies. See Rhines, 544 U.S. at 277-78; see also Gherity v. Swenson, 173 Fed.Appx. 532 (8th Cir. 2006) (unpublished opinion) (when presented with a habeas petitioner's request for stay and abeyance, "the district court should analyze

each unexhausted claim to determine whether [the petitioner] had good cause for failing to exhaust it, whether such unexhausted claims are potentially meritorious, and whether he engaged in abusive litigation tactics") citing Akins v. Kenney, 410 F.3d 451, 453-56 (8th Cir.2005); Rhines v. Weber, 409 F.3d 982, 983 (8th Cir.2005) (per curiam)).

In this case, it is presently impossible for the Court to perform the analysis prescribed by Rhines because Petitioner has not been given the opportunity to satisfy the Rhines requirements for a stay and abeyance. Thus, as his second option, Petitioner will be afforded the opportunity to file an affidavit and memorandum showing why he believes a stay should be granted. That is, for each such claim that he has yet to exhaust (i.e. all but Ground Four of his current Petition), he will have to show in his affidavit and memorandum the following: (a) good cause for his failure to present that claim to the state courts either in a direct appeal of his conviction or through a motion for post-conviction relief so that a stay would not have been required; (b) that the claim has some genuine potential merit;, and (c) that he has diligently prosecuted the claim, and has not acted in any dilatory or abusive fashion. If Petitioner wants to exercise this option, he will be required to file his affidavit and memorandum before the deadline for filing objections to this Report and Recommendation. If Petitioner does exercise this option, then Respondent shall have the opportunity to file a response to Petitioner's motion for stay and abeyance.

In conclusion, this Court cannot decide the merits of the Petition at this time because it includes exhausted and unexhausted claims. Further, based on the procedural posture of the case, the Court will not dismiss the Petition at this time. Rather, Petitioner shall be given the choice of either amending his Petition and

proceeding only with his exhausted claim, or seeking a stay and abeyance of the current Petition to allow him to return to state court to pursue the unexhausted claims raised in the Petition. If Petitioner decides to proceed only with his one exhausted claim, he must file that amended petition on or before **July 7, 2008**, the time for filing objections to this Report and Recommendation. On the other hand, if Petitioner decides to ask this Court for a stay and abeyance of the Petition, then he must submit his request, affidavit and memorandum in support of this request on or before **July 7, 2008**, the time for filing objections to this Report and Recommendation. If Petitioner does neither by **July 7, 2008**– i.e. he does not file the amended petition on his one exhausted claim, or he does not file his request, affidavit and memorandum in support of a request for a stay and abeyance of this action – this Court will recommend that his case be dismissed without prejudice.

## III.    RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.    Lewis Dickson's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody [Docket No. 4] be dismissed without prejudice, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner serves and files an entirely new amended habeas corpus petition stating only Ground Four of his current Petition, or in the alternative, he serves and files a request for a stay and abeyance of his Petition with a supporting affidavit and memorandum.

2.    If on or before **July 7, 2008**, Petitioner does serve and file (a) an entirely new amended habeas corpus petition stating only Ground Four of his current Petition,

13

<u>or</u> (b) a request for a stay and abeyance of his Petition, with a supporting affidavit and memorandum, then Respondent shall serve and file its response to the new amended petition or the request for stay and abeyance on or before **August 7, 2008**.

Dated: June 19, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 7, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.